IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| COLLEEN M. CROSS, | ) | |
| | ) | No.  35290-1-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOWN OF MALDEN, WA, | ) | UNPUBLISHED OPINION |
| C.E. Ted Maxwell, | ) | |
| | ) | |
| Respondent. | ) | |

KORSMO, J. — Colleen Cross appeals from the dismissal at summary judgment of

her complaint against the Town of Malden, arguing that the trial court failed to

accommodate her request under GR 33 for an attorney to litigate her complaint.  Because

the trial court applied an incorrect understanding of the rule when considering her

request, we reverse and remand for further proceedings.

PROCEDURAL HISTORY

Miss[1] Cross purchased property in Malden that had lost its water service due to

unpaid bills totaling $106.  To reactivate the water, Miss Cross would have to pay off the

balance and also pay a connection fee; the Town authorized the amount to be paid over

---

[1] We were advised by both Miss Cross and her counsel that she prefers the honorific "miss" to "ms."

time. A friend who was housesitting for Miss Cross, Doug Sampson, signed the payment agreement in order to prevent removal of the water meter. Mr. Sampson then made three more payments resulting in full payment of $583 to satisfy the lien and prevent removal of the water meter due to the unpaid bills.

Acting pro se, Miss Cross filed a complaint alleging extortion by the town and seeking reimbursement of the total fees contemplated by the agreement. Clerk's Papers (CP) at 1-3. She subsequently asked for accommodation under GR 33, indicating that she had a series of medical issues that resulted in her having great communication difficulties. She sought appointment of counsel to accommodate her disability.

The court considered the GR 33 request and provided a TypeWell service to accommodate Miss Cross. An assistant would transcribe what was spoken in court and provide the information in writing to Miss Cross. She would then respond in writing and the assistant would advise the court of her response.

Although granting the TypeWell, the court denied the request for an attorney. CP at 33. The written order reflected that appointment of an attorney was not authorized by GR 33 and that the court could not appoint one since no liberty interest was at stake. CP at 33. Miss Cross moved for reconsideration, pointing out that the rule did authorize appointment of counsel and that provision of the TypeWell service was inadequate because she needed assistance with her decision-making. CP at 35-47. The court denied reconsideration. CP at 49.

Approximately two weeks later, the Town moved for summary judgment and filed documentation in support of its motion. Miss Cross did not file a response to the summary judgment. She apparently did appear at the hearing and objected to the motion, although our record does not reflect that fact. The court granted summary judgment to the Town. CP at 50-51.

Miss Cross asked that counsel be appointed to represent her in this court under GR 33. An acting chief judge denied the request without prejudice due to lack of documentation of the disability. Appropriate records were then filed and the chief judge granted the request. An attorney agreed to represent Miss Cross pro bono, but soon had to withdraw upon discovery of a conflict of interest. The chief judge then appointed Matthew Daley to represent Miss Cross pro bono. Mr. Daley paid the filing fee for the appeal and persuaded this court to accept an untimely notice of appeal.

However, Miss Cross and Mr. Daley had difficulties communicating. He also did not agree that her theory of the case was legally or factually supported.[2] Miss Cross, however, did not accept his judgment. Ultimately, Mr. Daley was allowed to withdraw and Miss Cross represented herself in this court.

She filed a designation of clerk's papers and those items were duly transmitted to this court. However, Miss Cross refused to have the audio recordings of the trial court

---

[2] Miss Cross filed copies in this court of her written exchanges with Mr. Daley in response to his motion to withdraw.

proceedings transcribed. Insisting that those recordings had been altered, she attempted to file her own narrative report of proceedings. The Town objected and this court referred the matter to the trial court.

The judge found that the narrative was inaccurate and incomplete. This court declined to accept it. Miss Cross subsequently filed a brief without transcribing the hearing record.

A panel of this court considered the appeal without hearing oral argument.

ANALYSIS

Although grave problems with the record appear to doom the merits of Miss Cross's appeal, a clear error in the trial court's ruling on the accommodation request requires that we remand this case without addressing the merits.

GR 33(a)(1) currently defines, in part, the measures by which an "accommodation" can be made for a person with a disability:

> (C) as to otherwise unrepresented parties to the proceedings, representation by counsel, as appropriate or necessary to making each service, program, or activity, when viewed in its entirety, readily accessible to and usable by a person with a disability.

Although the rule expressly indicates that an attorney can be appointed, the court's written order in this case states, in part:

> GR 33 nowhere refers to court appointed counsel and is phrased in terms of accommodating people with sensory, mental, or physical disabilities.

CP at 33.

This statement is error. Since its adoption in 2007, GR 33(a)(1)(C) has permitted appointment of counsel as a potential accommodation. *See* 160 Wn.2d 1102 (2007). Accordingly, we remand this matter to consider the request for appointment of counsel as a possible accommodation. If the court believes its previous accommodation was sufficient, it may enter an order to that effect (while complying with GR 33(d), (e)) that also affirms its previous judgment of dismissal. In that event, Miss Cross may again pursue an appeal of the dismissal.[3]

If an attorney or some other person[4] capable of explaining court processes to her is necessary to accommodate Miss Cross's disability, then an appointment should be made and the litigation should resume with the Town's pending motion for summary judgment.

---

[3] We advise Miss Cross that continuing failure to transcribe the audio recordings likely will lead to summary dismissal of her appeal. The trial judge, not a litigant, is the person responsible for determining the accuracy of the record.

[4] Miss Cross believes that her intelligence has not been affected by her disability, but her ability to follow multi-step procedures has been compromised, leading her to request the assistance of an attorney for dealing with the legal process. Her attorney however will be constrained by ethical rules that apply to all attorneys. These rules include exercising independent professional judgment, rendering candid advice, and not asserting an argument unless there is basis in law and fact for doing so that is not frivolous. RPC 2.1; RPC 3.1; CR 11. Should Miss Cross wish to make factual or legal arguments outside of these constraints, she will have to do so without the benefit of counsel.

No. 35290-1-III
*Cross v. Town of Malden*

Reversed and remanded for further proceedings in accordance with this decision.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Siddoway, J.

6